Staples, J.,
delivered the opinion of the court.
It is impossible to distinguish this case from that of Hilb v. Peyton, 22 Gratt. 530. The language of the two instruments may not be identical, but the provisions in each are so nearly alike in their legal effect, the same principles and rules of construction must govern in both cases. In Hilb v. Peyton a majority of this court held that parol evidence was admissible to show the real contract of the parties, notwithstanding the existence of á written obligation. If such evidence was proper in that case, it is clearly so in this. It is only necessary, therefore, to refer to that decision as settling the law in all this class of cases, so far as the opinion of a bare majority of the court can have that effect.
The learned counsel for the plaintiff in error, conceding the authority of that case, insists that the obligation in this is plain and unequivocal in its terms, and the duty devolves on the court of construing it according to the manifest intention and meaning of the parties. This, however, does not cover the whole ground. When a written contract is to be interpreted, unaffected by ex trinsic evidence, it certainly is the duty of the court to expound its provisions and ascertain its meaning. This was dene in Boulware v. Newton, 18 Gratt. 708; which was decided upon the language of the instrument exclusively; no parol evidence having been adduced by either of the parties. And the same duty would have devolved *537 on the court here, but for the fact that both parol and documentary evidence was offered along with the bond, explanatory of its terms and of the real of the parties. By the common law, and under the statute, the case was peculiarly proper for the cousidera•tion of the jury to determine whether the contract was to be performed in Confederate treasury notes.
It is insisted, however, that the bond in controversy shows on its face a contract of hazard; and the - evidence before the jury was not sufficient to overthrow this plain legal intendment.' It would, perhaps, be sufficient to say, that the whole matter was submitted to the jury; that their verdict is approved by the judge presiding at the trial; and the finding is not plainly contrary to the evidence. In such case for this court to interfere would he to violate the best settled rules of law in reference to new trials. But it is unnecessary to rest our decision upon this ground. In my judgment the verdict is plainly right, and fully sustained by the evidence. I do not deem it important to enter into any elaborate argument or detailed examination of the facts to vindicate my conclusions upon this point. Such a discussion would not be profitable in any view. A brief referesice to some of the more prominent facts may not be out of place. In the first place, the letter of Miller, the vendor, and his advertisement of the terms of -sale, constitute very strosig proof of his entire willingness to sell his 'land for Confederate currency; and the price agreed to he paid, as compared with the real value of the land, tends very strongly to show that the sale was m fact-made with reference to that currency as the standard of value.
It is also in pi’oof that the parties met on the 3d day of July, 1863, to close the contract. Windell refused, peremptorily, to pay any other than Confederate *538 currency; and Miller agreed to receive it. Fifteen hundred dollars were paid on that day; and a receipt was given by Miller, stating the number of acres in the tract, and the price per acre stipulated to be paid. Why deed and the bonds for the deferred instalments were not then executed, does not distinctly appear. The parties no doubt preferred the papers should be prepared by some more skilful hand. Whatever may have been the reason, the contract was a complete one that day; its terms perfectly understood; the price per acre, and the kind of currency to be paid fully settled. It is not reasonable to suppose, in the absence of all evidence it is not fair to presume, that when the parties after-wards met merely to execute the deed and the bonds, the purchaser, without the slightest consideration, agreed to such an alteration of the contract as might in all probability subject him to a liability for three thousand dollars in a sound currency, in addition to the five thousand already paid in Confederate currency. The stipulation “to pay in current funds when due,” does not warrant any such conclusion. It may be fairly inferred these words were inserted in the bonds to guard against any possible liability for gold and silver coin. This is the view taken by this court in Meredith v. Salmon, 21 Gratt. 762, in which a somewhat similar question was involved; and I beg to refer to what is there said, for a more extended consideration of this branch of the case. For these and other reasons easily suggested, I am satisfied the contract in this case, according to the real understanding of the parties, was to be fulfiled in Confederate treasury notes.
This disposes of the various errors assigned in the petition. An additional one has, however, been presented in the argument here. Complaint is made of the instruction set out in the second bill of exceptions. That *539 part of it to which objection is made is as follows: “But if the jury should believe from the evidence that.the parties contemplated Confederate money as the funds to ' be paid, then the note falling due since the close of the war, when Confederate money was not current and had no appreciable value, they should find the scaled value of the money at the time of the contract.” I do not understand that the defendant in error makes any objection to this instruction; but the plaintiff' in error insists that it is too restricted in its terms; that the court ought to have gone farther, and informed the jury that in fixing the amount of plaintiff’s recovery, they were authorized to take into consideration the fair value of the land. This, I think, is correct. The statute provides that “where the cause of action grows out of a sale, or renting, or hiring of property, real or personal, if the . court or jury (if it be a jury case) shall think that under all the circumstances the value of the property shall be the most just measure of recovery, it may adopt that value, instead of the express terms of the contract.” In Pharis v. Dice, 21 Gratt. 303, this court not only affirmed the constitutionality of this statute, but it expressed the opinion that in many cases it presented the very best and most equitable mode of adjusting Confederate liabilities in the class of cases to which it is applicable. The rule to be adopted in fixing the measure of the debtor’s liability, where a portion of the purchase money has been paid, is clearly expressed in a number of cases decided by this court. See Poague v. Greenlee’s adm’r, 22 Gratt. 724; Meredith v. Salmon, 21 Gratt. 762.
It is to be observed that the statute does not make it obligatory upon the jury to resort to the value of the property as the measure of recovery, but leaves it discretionary with them to determine whether, under all the circumstances, it is most just and equitable to adopt *540 it. The instruction, given does not recognize any such discretion, but confines the jurj to a verdict for the value of the currency at the date of the contract. In this there is manifest error. If the court undertook a^ a^ s^-a^e tbe Iaw by which the jury was to be governed, it w'as proper to state the whole law applicable to this branch of the case. Whether in that event the verdict would have been different it is impossible now to say; nor is it material to inquire whether, indeed, this is one of the cases in which the value of the property furnishes the most just measure of recovery. That is a question for the jury. The court ought to have embodied this provision of the statute in ■ the instruction given, or brought it to the attention of the jury in some other equally intelligible mode. For this error the judgment must be reversed, and the cause remanded to the Circuit court, to be there proceeded with in accordance with the principles herein announced.
The judgment was as follows :
It seems to the court here, for reasons stated in writing and filed with the record, that there is error in the said judgment, in this, that the said Circuit court, in giving the instruction set out in the plaintiff’s second bill of exceptions, ought to have embraced in said instruction, or to have given in connection therewith to the jury, so much of the first section of the act of February 28th, 1867, as empowers the jury, when the cause of action grows out of a sale of property, to adopt the fair value of the property sold, if they think that, under all the circumstances, such value would he the most just measure of recovery, instead of the express terms of the contract. Therefore, it is considered, that the said judgment be reversed and annulled, and that the plaintiff' in error recover against the defendant in error his costs by *541 Mm expended in the prosecution of his writ aforesaid here, to he levied of the goods and chattels of the said intestate in the hands of the said defendant in error be administered. And, it is ordered, that the verdict of the jury be set aside, and the cause remanded to the said Circuit court, for a 'new trial to be had therein ; upon which new trial the instruction of the court to the jury shall be in conformity with the foregoing judgment.
Judgment reversed.