## Richmond

CHARLES F. WOODY v. COMMONWEALTH OF VIRGINIA.

October 8, 1973.

Record No. 8233.

Present, All the Justices.

*Norman K. Moon (Edmunds, Williams, Robertson, Sackett, Baldwin & Graves, on brief), for plaintiff in error.*

*Linwood T. Wells, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.*

COCHRAN, J., delivered the opinion of the court.

Charles F. Woody was found guilty of statutory burglary by a jury which fixed his punishment at confinement in jail for 12 months. He appeals from the judgment order entered on the verdict.

The only evidence connecting Woody with the crime was the testimony of Mary Joanne Poole and Elmer Vrchota, both 17 years of age. They testified that they had come from Maryland to Lynchburg with another juvenile and an adult to spend a few days, that they had made Woody's acquaintance, and that the five had participated in the burglary of J. D. Unrue's store in Lynchburg on the night of July 2, 1971.

Poole testified on cross-examination that she had not been charged with any offenses in Lynchburg but that she had been charged with an offense in Amherst County. She denied that she was testifying to receive favorable treatment for her part in the Unrue burglary. Vrchota testified that he had not been charged with any offenses in Lynchburg and admitted that he was testifying in the hope that he would not be prosecuted for his part in the Unrue burglary.

The trial court, over objection, refused to permit Woody's counsel to bring out on cross-examination that Poole and Vrchota had given confessions or statements to the police implicating themselves in three other burglaries in Lynchburg and an armed robbery in Amherst County, in none of which Woody was involved, and that they had neither been tried in Amherst County nor charged in Lynchburg. Woody's counsel proffered the testimony of police officers to establish these facts, but the court, over objection ruled that it was inadmissible. Woody assigns error to the exclusion of this evidence, which he sought to introduce for the purpose of showing possible bias of the witnesses.

Any evidence is admissible which tends to affect the credibility of accomplices or the weight of their testimony by showing what influences, if any, were brought to bear upon them. *Jones* v. *Commonwealth*, 111 Va. 862, 867, 69 S.E. 953, 955 (1911); McCormick on

Evidence § 40 at 79-80 (2d ed. 1972). Thus, in *Alford* v. *United States*, 282 U.S. 687, 693 (1931), it was held to be reversible error to exclude evidence that a witness against the accused was in custody. Defense counsel should be afforded great latitude in cross-examining accomplices testifying against a defendant. *United States* v. *Padgent*, 432 F.2d 701 (2d Cir. 1970); *State* v. *Curcio*, 23 N.J. 521, 129 A.2d 871 (1957); *State* v. *Roberson*, 215 N.C. 784, 3 S.E.2d 277 (1939).

The Commonwealth's case against Woody depended upon the credibility of Poole and Vrchota. It was crucially important for Woody to cast doubt on their testimony, if he could, by adducing evidence tending to show that both may have been testifying falsely against him in the hope of obtaining leniency. Consequently, the proffered evidence was relevant and should have been received unless there was some valid ground for excluding it.

■ In refusing to permit cross-examination of Poole as to her other offenses, the trial court expressed concern that Poole's lawyer was not present and that her constitutional privilege against self-incrimination might be prejudiced. Upon questioning by the judge, Poole expressed her desire to say nothing further about the other offenses, and the court upheld her in this position.

This was not error. The right to cross-examine is subject to the witness's privilege against self-incrimination. *Alford* v. *United States*, *supra* at 694. Although a witness who testifies to incriminating facts waives the privilege as to the details of the events he relates, *Rogers* v. *United States*, 340 U.S. 367 (1951), he does not waive the privilege as to collateral criminal activity. *Fountain* v. *United States*, 384 F.2d 624 (5th Cir. 1967), *cert. denied, sub nom. Marshall* v. *United States*, 390 U.S. 1005 (1968); *United States* v. *Cardillo*, 316 F.2d 606 (2d Cir.), *cert. denied*, 375 U.S. 822 (1963). Here, the attempted cross-examination of Poole, and subsequently of Vrchota, would have required them to admit involvement in crimes other than the Unrue burglary to which they testified on direct examination. Consequently, they were entitled to invoke their privilege under the Fifth Amendment to the United States Constitution and Article I, Sec. 8 of the Constitution of Virginia (1971) to protect themselves against further self-incrimination. As no issue has been raised as to the manner in which Vrchota invoked the privilege, we will assume, without deciding, that it was properly invoked.

■ There was no constitutional inhibition, however, against the admission of the proffered testimony of the police officers that Poole

and Vrchota had implicated themselves in the other crimes. Since the proffered evidence tended to establish a predicate for bias on the part of the prosecution witnesses, Woody was entitled to have the jury hear this evidence. With evidence of the other crimes as a foundation, Woody's counsel would then be entitled to question Poole and Vrchota as to any hope for leniency or expectation of favorable consideration, whether based on agreements or otherwise, in the armed robbery case or in the other three Lynchburg burglaries, that may have prompted them to testify against Woody.

██ The Attorney General argues that the policy of the Commonwealth, as set forth in the Juvenile and Domestic Relations Court Law, Chapter 8, Title 16.1, Code of Virginia (1950), as amended, prohibits admission of the proffered evidence. He cites Code § 16.1-162 which requires, with certain exceptions, that the records in juvenile court proceedings be withheld from "public inspection". He relies upon *Kiracofe* v. *Commonwealth*, 198 Va. 833, 97 S.E.2d 14 (1957), which held that defense counsel could not impeach a witness by asking him whether he had ever been adjudged a juvenile delinquent because the question referred to an adjudication in the juvenile court and any follow-up of the answer by inquiry into the juvenile court records would have been excluded under § 16.1-162.

*Kiracofe* is distinguishable from the present case. The statements given by Poole and Vrchota were not made in the course of any juvenile court proceedings, nor at the time of trial had any such proceedings been instituted against them in relation to the statements. These witnesses were not within the purview of the Juvenile and Domestic Relations Court Law when they testified. We conclude, therefore, that the proffered evidence was admissible for the purpose of showing possible bias.

██ The Attorney General contends that the evidence which Woody sought to introduce, even if admissible, was merely cumulative and could therefore properly be excluded by the trial court in the exercise of its discretion. We do not agree. The evidence would have shown that Poole and Vrchota and their associates, other than Woody, had been implicated in a series of serious crimes in Lynchburg and Amherst County. Involvement in five crimes might well give the witnesses stronger motivation to cooperate with the law enforcement officers than implication only in the Unrue burglary and an unspecified offense in Amherst County. The mere proof of cooperation in their own self interest would not, of course, discredit the testimony of

Poole and Vrchota. But Woody was entitled to pursue the matter further to reveal to the jury the full weight of any pressure brought to bear on these witnesses as they gave testimony that he, subsequently testifying in his own defense, categorically denied.

We cannot say that it was harmless error to refuse the proffered evidence. *Reid* v. *Commonwealth*, 213 Va. 790, 195 S.E.2d 866 (1973), relied upon by the Attorney General, is inapposite. There we found beyond a reasonable doubt that the error complained of was harmless. *See also Hall* v. *Commonwealth*, 213 Va. 736, 195 S.E.2d 882 (1973). In both *Reid* and *Hall* the evidence of guilt was overwhelming, but in the present case there is no evidence connecting Woody with the crime except the testimony of Poole and Vrchota. It was reversible error to exclude evidence which might have led the jury to conclude that these witnesses were lying. This error could not be corrected by the trial court's instruction warning the jury of the danger of convicting Woody upon the uncorroborated testimony of two accomplices, Poole and Vrchota.

For the reasons assigned the judgment will be reversed and the case remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*