## Richmond

### DOUGLAS MCARTHUR WHITTAKER V. COMMONWEALTH OF VIRGINIA.

April 22, 1977.

Record No. 760800.

Present, All the Justices.

*C. Willard Norwood (Norwood & Norwood,* on brief), for plaintiff in error.

*K. Marshall Cook, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error.

POFF, J., delivered the opinion of the court.

Convicted by a jury of breaking and entering a dwelling and stealing several antique items, Douglas McArthur Whittaker was sentenced by final order entered February 27, 1976 to confinement in the penitentiary for five years.

Although the owner, Theodore D. Lewis, identified some of the articles seized under warrant from Whittaker's home as his

property, he conceded that none was a "one time manufacture piece". Other testimony indicated that "thousands" of such items had been manufactured.

The only witness whose testimony directly implicated Whittaker as one of the criminal agents was Hilton Wayne Holt, an inmate in a correctional institution. Holt testified that Whittaker and another man had told him that they had broken into a home in the county and had described the property they had stolen. The description matched that of some of the articles stolen from the Lewis home and that of some of the articles seized in the search. On cross-examination, Holt admitted that he had been convicted of one burglary in Lancaster County and of "five or six" burglaries in other counties. Defense counsel then asked, "And on those five or six convictions how much time are you serving altogether?" Interposing, the trial judge said, "I don't know that that's material to this case. . . ." Defense counsel announced that he "would like to get it in the record", and the judge recessed the jury. Defense counsel then stated:

> "I would like to show a motivation for this man testifying against Whittaker in that on all his other convictions he has been required to serve one year in the penitentiary or one year incarceration, and that upon that the Commonwealth attorney has extended leniency in cases for agreeing to testify."

The trial court ruled that the testimony sought was immaterial and Holt was not permitted to answer the question. We granted a writ of error limited to consideration of this ruling.

In support of the ruling, the Commonwealth cites *Hummel v. Commonwealth*, 217 Va. 548, 550, 231 S.E.2d 216, 217 (1977), where we held that "the triers of fact were entitled to know the number and nature of the felony convictions of the [prosecution] witness Terry, but not the details thereof. . . ." *Hummel* is inapposite. There, the defendant's purpose in eliciting the testimony was to discredit the character of the prosecution witness and call his veracity into question; for such purpose, the "details" of the felonies would have been immaterial. Here, Whittaker's purpose was to lay the predicate for an inference that the testimony of the prosecution witness was biased and unreliable because induced by considerations of self-interest; for such purpose, the quantum of the sentence imposed upon Holt's several convictions was highly relevant.

The right of an accused to cross-examine prosecution witnesses to show their bias or motivation, "when not abused, is an absolute right", one "preserved to the accused by the constitutional guarantee of confrontation." *Moore* v. *Commonwealth*, 202 Va. 667, 669, 119 S.E.2d 324, 327 (1961); *accord, Snyder* v. *Coiner*, 510 F.2d 224 (4th Cir. 1975).

In *Woody* v. *Commonwealth*, 214 Va. 296, 299, 199 S.E.2d 529, 531-32 (1973), we held:

> "With evidence of the other crimes [committed by prosecution witnesses] as a foundation, [defendant's] counsel would then be entitled to question [those witnesses] as to any hope for leniency or expectation of favorable consideration, whether based on agreements or otherwise, . . . that may have prompted them to testify against [defendant]."

*See also Davis* v. *Commonwealth*, 215 Va. 816, 822, 213 S.E.2d 785, 789 (1975).

Just as a defendant is entitled to show that testimony of a prosecution witness was motivated by an expectation of leniency in a future trial, a defendant is entitled to prove facts that would support an inference that such testimony was motivated by a bargain for leniency granted in a previous trial.

The Commonwealth urges us not to consider the error assigned because, it is said, defense counsel failed to make a proper proffer of the testimony excluded.

When testimony is delivered but excluded upon objection, an appellate court has a record of the content and purport of the testimony upon which to determine the propriety of the trial court's ruling; when testimony is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer. *Jackson's Case*, 98 Va. 845, 846-47, 36 S.E. 487, 488 (1900).

The parties do not agree what constitutes a proper proffer. Whittaker takes the position that simple avowal of counsel is sufficient in all cases. The Commonwealth's position is that the proffer is never sufficient in any case unless counsel orally examines the witness before the judge outside the presence of the jury. We find both positions too categorical.

"When the court sustained the objection to the question it was incumbent upon the defendant to make the record show the expected answer. This has sometimes been done by avowal of counsel, but the better practice is to permit the witness to answer the question in the absence of the jury." *Owens* v. *Commonwealth*, 147 Va. 624, 630-31, 136 S.E. 765, 767 (1927).

In explication of this rule and in the interest of orderly litigation and appellate review, we hold that a unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected constitutes a proper proffer, and that absent such acquiescence or stipulation, this Court will not consider an error assigned to the rejection of testimony unless such testimony has been given in the absence of the jury and made a part of the record in the manner prescribed by the Rules of Court.

Applying that rule, we are of opinion that defense counsel's avowal, the truth of which was unchallenged by the Commonwealth, constituted a proper proffer, and for the reasons we have stated, we hold that the trial judge erred in refusing to permit the witness to answer the question. Our holding does not apply to the initial action of the trial judge when the question was first posed. At that point, he was justified in assuming that the sole purpose of the question was to influence the jury to consider verdicts found in similar cases and impose comparable penalties. For such purpose, the question and the answer sought were incompetent. In *Ward* v. *Commonwealth*, 205 Va. 564, 138 S.E.2d 293 (1964), in a prosecution for murder we held that it was grounds for a mistrial for the Commonwealth to ask a prosecution witness if he had not been recently convicted of murder and sentenced to 48 years in the penitentiary. The same rule applies to the accused. After the jury returned, the trial judge should have permitted the witness to answer the question under a cautionary instruction defining the purposes for which the answer could and could not be considered.

We cannot accept the Commonwealth's suggestion that the error was harmless. Evidence of the identity of the stolen property with that seized in Whittaker's home was ambivalent. Holt's testimony was the only testimony directly identifying

Whittaker as a criminal agent. We cannot say beyond a reasonable doubt that, if the jury had believed Holt's testimony was unreliable, their verdict would have been the same.

The judgment will be reversed and the case remanded for a new trial.

*Reversed and remanded.*