## Richmond

CHARLES A. SHANKLIN

V.

COMMONWEALTH OF VIRGINIA

December 4, 1981.

Record No. 810099.

Present: All the Justices.

*John A. Nere, Jr. (Mergenthal and Nere,* on briefs), for appellant.

*Jerry P. Slonaker, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee

STEPHENSON, J., delivered the opinion of the Court.

Charles A. Shanklin was convicted by a jury of grand larceny of a motor vehicle and sentenced to five years in the penitentiary. He contends the trial court erred in limiting the cross-examination of Shanklin's brother, William, a prosecution witness. William admitted that he was testifying pursuant to a plea agreement, but the trial court, *sua sponte,* ruled that he could not be asked what sentence he had received under the bargain.

The Commonwealth presented two employees of an automobile dealership who testified that on January 10, 1980, the defendant took a customized 1975 Ford van for a test-drive. Although he was supposed to return the van in one hour, the defendant kept it for three. Four days later, the van was discovered missing. It was found on a country road, stripped of its customized equipment, including a radio and tape player.

William Shanklin testified that he, the defendant, and Earl Turner participated in the theft. He denied removing the van from the dealership or participating in stripping the van of its accessories, but he did ride in the van and was aware of what was taking

place. He testified that the defendant planned to return the van to the dealership, but it became stuck in the mud.

On cross-examination, William testified that he had reached a plea agreement with the Commonwealth. However, the trial court ruled that he could not testify as to the details of the agreement, as this would improperly influence the jury on sentencing. If the testimony had been allowed, it would have shown that William was to receive thirty days for his part in the crime.

Everette Roy, the final prosecution witness, testified that the defendant told him about the crime. He related that Shanklin told him he had made a key when he took the van for a test-drive and later went back and removed the van from the lot. Further, Roy testified that he was with the defendant when he tried to sell a radio and tape player.

The only defense witness was the Shanklins' mother. The only question she was asked concerned William's sentence under the plea bargain. The trial court refused to admit this evidence.

█ Cross-examination is fundamental to the truth-finding process and is an absolute right guaranteed to the defendant by the confrontation clause of the Sixth Amendment. *Whittaker* v. *Commonwealth,* 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977). While the trial court has the discretion to see that the right of cross-examination is not abused, this discretion is to be employed only after the right "has been substantially and fairly exercised." *Moore* v. *Commonwealth,* 202 Va. 667, 669, 119 S.E.2d 324, 327 (1961). In exercising the right, the defendant can elicit "any evidence . . . which tends to affect the credibility of accomplices or the weight of their testimony by showing what influences, if any, were brought to bear upon them." *Woody* v. *Commonwealth,* 214 Va. 296, 297, 199 S.E.2d 529, 531 (1973).

█ In *Whittaker,* the accused sought to show by cross-examination that a Commonwealth's witness had received lenient sentences in exchange for his testimony. We held that since "Whittaker's purpose was to lay the predicate for an inference that the testimony of the prosecution witness was biased and unreliable because induced by considerations of self-interest; . . . the quantum of the sentence imposed upon . . . [the witness'] several convictions *was highly relevant.*" *Whittaker,* 217 Va. at 967, 234 S.E.2d at 81 (emphasis added).

In the instant case, the trial court felt that admitting evidence of William's sentence would influence the jury in determining the

defendant's punishment. We recognized this concern in *Whittaker,* but felt it could be addressed by giving a cautionary instruction to the jury. *Id.* at 969, 234 S.E.2d at 82. We believe the better practice would be to admit the details of the plea agreement and give a cautionary instruction.

The Commonwealth argues that, if any error was committed in this case, it was harmless. We rejected a similar argument in *Whittaker.* However, in *Whittaker,* the witness who bargained was the only one to tie the defendant to the crime. That is not the case here.

Absent William's testimony, there was sufficient evidence to support a conviction. Roy's testimony specifically linked the defendant to the crime. Moreover, William's testimony was actually favorable to the defendant in that he substantiated the defendant's theory that an unauthorized use, but not a larceny, had taken place. Further, we note defendant's counsel ably and fully argued to the jury William's bias.

Considering the evidence as a whole, and assuming without deciding that error was committed, we hold the trial court's rulings to be harmless. *See Dunn* v. *Commonwealth,* 222 Va. 750, 284 S.E.2d 792 (1981); *Yager* v. *Commonwealth,* 220 Va. 608, 260 S.E.2d 251 (1979); *Deavers* v. *Commonwealth,* 220 Va. 14, 255 S.E.2d 458 (1979); *Davis* v. *Commonwealth,* 215 Va. 816, 213 S.E.2d 785 (1975). Therefore, the judgment of the trial court will be affirmed.

*Affirmed.*