## Norfolk

ERIC BRADSHAW, s/k/a

ERIC L. BRADSHAW

. v.

COMMONWEALTH OF VIRGINIA

No. 1762-91-1

Decided May 18, 1993

COUNSEL

H. Taylor Williams, IV, for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Eric L. Bradshaw (appellant) appeals from judgments of the Circuit Court of Southampton County (trial court) that approved jury verdicts convicting him for two counts of grand larceny and one count of breaking and entering. For these offenses, appellant was sentenced to a total of eighteen years in the penitentiary.

Appellant contends that the trial court erred when it limited his cross-examination of Marvin Baker (Baker), a prosecution witness, concerning the plea agreement Baker made in exchange for testifying against appellant. In addition, appellant asserts that the trial court erroneously applied the best evidence rule when it denied his right to present exculpatory oral evidence of the contents of a missing letter that appellant alleges Baker wrote while incarcerated and awaiting trial. Sufficiency of the evidence is not an issue presented by this appeal.

Viewing the evidence most favorably to the Commonwealth, the record discloses that on January 11, 1991, Baker and appellant obtained by subterfuge, from Willie Dickens, a VCR belonging to Clifton Spratley that they subsequently traded for crack cocaine. Later that same night, they broke and entered the residence of Wesley and Maggie Grant and stole a console television and another VCR.

During cross-examination, appellant inquired whether Baker had made a plea agreement that provided he would receive lenient punishment in exchange for his testimony. A written plea agreement had been made; however, Baker's responses to the inquiry did not fully disclose the contents of the agreement.

On further cross-examination of Baker, the following occurred:

Q Didn't you get a promise saying that you weren't going to have to face a revocation of the suspended time?

A I don't know . . . I know the man sentenced me to fifteen years. . . .

Q So you don't know what your sentencing order says?

A Fifteen years.

Baker did not disclose that ten of those years had been suspended, causing an in-chambers discussion to be held out of the presence of the jury. During that discussion, appellant requested the trial court to

permit the jury to consider the agreement and offered it as an exhibit to show the exact sentence the prosecution was to recommend. In relevant part, the agreement provided:

> [T]he Assistant Attorney for the Commonwealth agrees to make the following recommendation and/or take the following action: Upon Presentence Report Marvin Baker will receive five years to serve on the B & E, three years on one grand larceny two on the other both suspended with the time hanging over his head being resuspended. Ten years supervised probation.

The following handwritten notes appear in the margin of the agreement:

(1) Cooperate w/Commonwealth

(2) No Further Trouble

(3) Will Resuspend in Revocation Hearing.

The trial court refused to permit the jury to see the agreement, saying:

> [T]he only other thing that you [defense counsel] can tell then [sic], that he received a fifteen year sentence, part of which was suspended for his agreement to cooperate, and leave it at that. Don't go into anything else.

After further discussion with counsel, and upon returning to the courtroom, the trial court informed the jury:

> Ladies and Gentlemen, after conferring with the attorneys we're in agreement that this witness received a fifteen year sentence. Part of it was suspended based on his agreement to cooperate with the Commonwealth.

Under these facts, we find that the trial court erred when it refused to permit the jury to hear or view the details of Baker's plea agreement. Baker's testimony did not give the jury the entire picture as was shown by the plea agreement. When the trial court attempted to supplement Baker's testimony, the jury was not told the full extent of its terms. The statements made by both Baker and the trial court, if not inaccurate, were misleading. Those statements related only part of the agreement. If the terms that induced a witness to testify are submitted to the jury for its consideration, all of those terms must be disclosed. The jury was not told that five years of the fifteen years referred to by Baker and the trial court were for a sentence Baker had been given in

an unrelated case that previously had been suspended. They were not told that, although the five-year suspended sentence was revoked as a part of the agreement, it was re-suspended. Finally, the jurors were not told that the total sentence Baker received for the same offenses for which appellant was being tried was only ten years, five years to serve for the breaking and entering charge and three and two years, respectively, for the larcenies, both larceny sentences having been suspended.

 Where the purpose is to lay the predicate for an inference that the testimony of the prosecution witness is biased and unreliable because it is induced by considerations of self-interest, the length of the sentence imposed upon the witness is highly relevant. *Whittaker v. Commonwealth*, 217 Va. 966, 967, 234 S.E.2d 79, 81 (1977). That predicate was precisely the purpose of appellant's cross-examination concerning the plea agreement. "Defense counsel should be afforded great latitude in cross-examining accomplices testifying against a defendant." *Woody v. Commonwealth*, 214 Va. 296, 298, 199 S.E.2d 529, 531 (1973). "Any evidence is admissible which tends to affect the credibility of accomplices or the weight of their testimony by showing what influences, if any, were brought to bear upon them." *Id.* at 297, 199 S.E.2d at 531. "Just as a defendant is entitled to show that testimony of a prosecution witness was motivated by an expectation of leniency in a future trial, a defendant is entitled to prove facts that would support an inference that such testimony was motivated by a bargain for leniency granted in a previous trial." *Whittaker*, 217 Va. at 968, 234 S.E.2d at 81.

The Commonwealth cites *Shanklin v. Commonwealth*, 222 Va. 862, 284 S.E.2d 611 (1981), and argues that even if it was error to deny the jury access to the full details of Baker's plea agreement, such error was harmless because evidence other than Baker's testimony linked appellant to the crimes. We agree that the record contains other supporting evidence of appellant's guilt, but we disagree that *Shanklin* controls. The distinction between this case and *Shanklin* is that in *Shanklin* "the trial court, *sua sponte*, ruled that [the witness] could not be asked what sentence he had received under the bargain." *Id.* at 863, 284 S.E.2d at 612. Here, although the trial court informed the jury of part of the inducement given for Baker's testimony, it refused to permit the jury to consider the entire bargain. *Shanklin* does not support the trial court's decision. Under the facts before us, *Whittaker* and *Woody* and the authorities cited in those cases, require that we find

that it was error to refuse to admit the complete details of the inducement. Accordingly, we reverse and remand this case to the trial court.

On remand, appellant may be retried for these offenses. For that reason, we address the second issue presented by this appeal. On cross-examination, Baker admitted that while he and appellant were incarcerated awaiting trial, he received a letter from appellant which he sent back to appellant. He denied sending appellant a letter in which he wrote that appellant had not been involved in the breaking and entering and larceny charges. Appellant did not produce a letter that would have impeached Baker's denial. Instead, appellant offered to show the contents of the letter by the oral testimony of witnesses who also at that time were incarcerated with Baker and appellant.

When the first of these witnesses, Glen Whitehead, was asked to relate the contents of the letter, the prosecution objected, stating the best evidence rule as the basis for the objection. The trial court observed that it would be "hearsay," and sustained the objection. Appellant contended that the best evidence rule is not applicable here because he was not offering the oral testimony for its truth, but only to show that Baker had made a prior inconsistent statement that the jury could consider in determining Baker's credibility. On the facts contained in this record, we agree with that contention.

In Virginia, the best evidence rule provides that "where the contents of a writing are desired to be proved, the writing [the primary evidence] itself must be produced or its absence sufficiently accounted for before other evidence of its contents can be admitted." *Randolph v. Commonwealth*, 145 Va. 883, 889, 134 S.E. 544, 546 (1926); *Butts v. Commonwealth*, 145 Va. 800, 816, 133 S.E. 764, 769 (1926). Thus, if the purpose is to prove the truth of the contents of a writing, the primary evidence must be produced, if available. It is only when sufficient evidence discloses that the primary evidence is not available that secondary evidence may be admitted for that purpose. *Id.* When secondary evidence is admitted in such cases, it is introduced to prove the facts contained in the writing. *See Myrick v. Commonwealth*, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991). Generally, the sufficiency of the evidence relating to unavailability of the writing is a preliminary question addressed to the sound discretion of the trial court. *See Beirne v. Rosser*, 67 Va. (26 Gratt.) 537, 544-45 (1875). In some instances, as here, there may be a dispute whether or not the original writing ever existed. In that event, the conflicting evidence on the question of whether the original ever existed at all must be presented

to the jury and resolved as a matter of fact. *See* Charles E. Friend, *The Law of Evidence in Virginia* § 197 (3d ed. 1988).

■ Here, Baker denied the existence of the letter and the defense proffered testimony that, if believed, may have showed its existence. If offered for the truth, the jury, properly instructed, would have been permitted to make that factual determination if the last custodian of the letter reasonably accounted for its unavailability. *See Randolph v. Commonwealth*, 145 Va. at 886-87, 134 S.E. at 545; *Marshall v. Commonwealth*, 140 Va. 541, 550, 125 S.E. 329, 332 (1924). The test of unavailability is proof with reasonable certainty. *See Pendleton v. Commonwealth*, 31 Va. (4 Leigh) 694, 697 (1834); *Ben v. Peete*, 23 Va. (2 Rand.) 539, 541-43 (1824). The proffered evidence disclosed that appellant was the last custodian of the letter, yet appellant made no explanation of its unavailability. Because there was no reasonable explanation by the last custodian, it was not error to refuse to admit the oral testimony as secondary evidence.

■ The trial court indicated that its refusal to admit the proffered testimony was based both on the best evidence rule and that it was hearsay. Appellant informed the trial court that the proffered testimony was for impeachment purposes only and argued that the best evidence rule was not applicable because evidence of the contents of the writing was not offered to prove its truth but rather to show that Baker had made a prior inconsistent statement. If the declaration is offered solely to show that it was uttered, without regard to its truth or falsity, the declaration is not excluded by the hearsay rule. *Speller v. Commonwealth*, 2 Va. App. 437, 446, 345 S.E.2d 542, 548 (1986) (citing Charles E. Friend, *The Law of Evidence in Virginia* § 225 (2d ed. 1983)). *See also Fuller v. Commonwealth*, 201 Va. 724, 729, 113 S.E.2d 667, 671 (1960).

■ Statements that are otherwise objectionable as hearsay are not rendered admissible merely because they have been reduced to writing. *Williams v. Morris*, 200 Va. 413, 417, 105 S.E.2d 829, 832 (1958); *see also Hopkins v. Gromovsky*, 198 Va. 389, 394, 94 S.E.2d 190, 193-94 (1956); Friend, *supra*, § 227 (3d ed. 1988). However, if the contents of the written hearsay fall within an exception to the hearsay rule, it is admissible. *See* Friend, *supra*, § 227 (3d ed. 1988).

■ A witness may be impeached by showing that he has made statements inconsistent with his trial testimony. *See* 20 Michie's Jurisprudence *Witnesses* § 56 (1979 & Supp. 1992). Both oral and

written contradictory statements are normally admissible for this purpose. Friend, *supra,* § 28 (3d ed. 1988). We find no reason to distinguish between using oral testimony to prove a prior inconsistent oral statement made by the witness, and using oral testimony to prove a prior inconsistent written statement allegedly made in a letter written by the witness and delivered to the party against whom the witness is adversely testifying. The testimony is as trustworthy to one as it is to the other.

If, upon retrial, the evidence is the same as contained in this record, and the oral testimony of the contents of the letter is solely offered for the purpose of impeachment as a prior inconsistent statement, that evidence is admissible. For the reasons stated, the proffered testimony should have been admitted.

Accordingly, the judgments of the trial court are reversed and this case remanded to the trial court for such further proceeding as the Commonwealth may be advised.

*Reversed and remanded.*

Koontz, J., and Willis, J., concurred.