COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton, and Overton
Argued at Salem, Virginia


WILLIAM RAY LAYNE

v.         Record No. 0682-94-3          MEMORANDUM OPINION[*] BY
                                       JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                    JANUARY 16, 1996


              FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                     George E. Honts, III, Judge

          Terry N. Grimes (King, Fulghum, Snead, Nixon &
          Grimes, P.C., on briefs), for appellant.

          Steven Andrew Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     William Ray Layne was convicted of capital murder of a child

under the age of twelve in the commission of an abduction with

the intent to defile under Code § 18.2-31(8) and abduction with

intent to defile under Code § 18.2-48.  The judge sentenced him

to life imprisonment on each offense, as recommended by the jury.

 Layne appeals his convictions on the grounds that the trial

court erred in admitting hearsay testimony.  Finding no error, we

affirm the convictions.

     At trial the mother of the victim testified that Layne told

her about a story that a former cellmate had told him.  The story

concerned the abduction and rape of a young girl, and was

recounted by Layne at the house of the victim two weeks before

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the crime.  The defense objected on hearsay grounds but was overruled by the trial judge.

Hearsay is an out-of-court statement offered in court to prove the truth of the matter asserted therein.  Hamm v. Commonwealth, 16 Va. App. 150, 155, 428 S.E.2d 517, 521 (1993).  "If a statement is offered for any purpose other than to prove the truth or falsity of the contents of a statement, such as to explain the declarant's conduct or that of the person to whom it was made, it is not objectionable as hearsay."  Fuller v. Commonwealth, 201 Va. 724, 729, 113 S.E.2d 667, 671 (1960).

In the case at bar, the truth of the story holds no importance.  Layne could have concocted the entire story and the relevance would be the same:  that this thought was on his mind at this particular time.  The contents of the story were in no way asserted to be true or even related to the defendant.  The sole purpose of the evidence was to show that the defendant actually said these words at that time.  "If the declaration is offered solely to show that it was uttered, without regard to the truth or falsity of its content, the declaration is not excluded by the hearsay rule."  Bradshaw v. Commonwealth, 16 Va. App. 374, 380, 429 S.E.2d 881, 88 (1993); Speller v. Commonwealth, 2 Va. App. 437, 446, 345 S.E.2d 542, 548 (1986).

Determining that a hearsay statement is offered to prove a proposition other that the truth of the statement does not cure the hearsay problem completely.  Estes v. Commonwealth, 8 Va.

App. 520, 523, 382 S.E.2d 491, 492 (1989). The proposition to be proved must be relevant to the issues at trial. Id. "Evidence is relevant if it has any logical tendency, however slight, to prove a fact in issue in the case." Jenkins v. Winchester Dep't of Social Servs., 12 Va. App. 1178, 1186, 409 S.E.2d 16, 21 (1991); Harrell v. Woodson, 233 Va. 117, 122, 353 S.E.2d 770, 773 (1987).

The elements of the offenses charged included the intent to defile. Layne's thoughts and statements made while near the victim at a proximate time to the crimes are relevant to his intent. Even single instances that by themselves may seem immaterial or irrelevant may combine to lead a reasonable mind irresistibly to a logical conclusion, and thus become relevant. Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 833 (1990) (en banc); Peoples v. Commonwealth, 147 Va. 692, 704, 137 S.E. 603, 606 (1927).

We find that the trial court did not err in admitting the witness' testimony, and we affirm the convictions.

Affirmed.