COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


TINA RENEE ROSSER

                                MEMORANDUM OPINION* BY
v.    Record No. 2862-99-3       JUDGE LARRY G. ELDER
                                   NOVEMBER 28, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                     Charles J. Strauss, Judge

            George W. Nolley for appellant.

            Robert H. Anderson, III, Senior Assistant
            Attorney General (Mark L. Earley, Attorney
            General, on brief), for appellee.


     Tina Renee Rosser (appellant) appeals from her bench trial

convictions for statutory burglary and grand larceny.  On

appeal, she contends the trial court erroneously (1) admitted

testimony about the existence and contents of a letter allegedly

written by her; and (2) held the evidence was sufficient to

support her convictions.  We hold that the trial court did not

abuse its discretion in admitting testimony about the letter's

contents and that the evidence was sufficient to support both

convictions.  Therefore, we affirm.


_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

A.

ADMISSIBILITY OF TESTIMONY ABOUT CONTENTS OF LETTER

The best evidence rule requires that, "when the terms of a writing or document are material, the original must be produced unless it be shown that the original is unavailable, in which case secondary evidence may be introduced to prove the facts." Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 179 (1991).  "Generally, the sufficiency of the evidence relating to unavailability of the writing is a preliminary question addressed to the sound discretion of the trial court." Bradshaw v. Commonwealth, 16 Va. App. 374, 379, 429 S.E.2d 881, 885 (1993).  If a dispute develops over whether the original writing ever existed, "the conflicting evidence . . . must be presented . . . [and the issue] resolved as a matter of fact. . . .  The test of unavailability is proof with reasonable certainty."  Id. at 379-80, 429 S.E.2d at 885.  If the trier of fact concludes with reasonable certainty that the document existed and that it is unavailable for admission at trial, testimony about its contents is admissible, and any remaining disputes center on the weight to be given the evidence, not its admissibility.[1]  See, e.g., Foley v. Commonwealth, 8 Va. App. 149, 164-65, 379 S.E.2d 915, 924 (1989).

---

[1] We reject the Commonwealth's contention that appellant failed properly to preserve for appeal her objection to the admission of testimony about the contents of the letter. Although appellant did not specifically argue the evidence was

-

Here, McFadden and Stone both testified to their receipt from appellant's stepmother of a letter written by appellant. They also indicated that the letter had been misplaced or thrown out and that they had been unable to find it despite "[t]urn[ing] the[ir] house upside down." Both McFadden and Stone agreed the letter was from appellant and indicated appellant's knowledge of the theft. The trial court "ha[d] no doubt" the letter existed and indicated its only question concerned the letter's precise contents. Under these circumstances, the evidence, viewed in the light most favorable to the Commonwealth, supports the trial court's implicit finding, by a reasonable certainty, that the letter existed and was material but that it was unavailable for admission into evidence at trial. Therefore, the trial court did not abuse its discretion in admitting into evidence testimony about the existence and contents of the letter.

---

insufficient to prove unavailability, she contended the letter was inadmissible under the best evidence rule. As discussed in the text, the best evidence rule encompasses the issue of unavailability. Further, the trial court heard evidence and argument from the Commonwealth on the issue of unavailability, and implicitly ruled the letter was unavailable, thereby satisfying the purpose of Rule 5A:18. See, e.g., Morris v. Comm. Dep't of Soc. Servs., 13 Va. App. 77, 84 n.2, 408 S.E.2d 588, 592 n.2 (1991).

-

B.

SUFFICIENCY OF THE EVIDENCE

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Any element of a crime may be proved by circumstantial evidence, see, e.g., Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), provided the evidence as a whole "is sufficiently convincing to exclude every reasonable hypothesis except that of guilt," Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).

Appellant was convicted for grand larceny and statutory burglary. "Larceny is the wrongful taking of goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods. Once the crime of larceny is established, the unexplained possession of recently stolen goods permits an inference of larceny by the possessor." Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987). Possession must be exclusive but may also be joint. See Moehring v. Commonwealth, 223 Va. 564, 568, 290 S.E.2d 891, 893 (1982). If the value of the goods taken equals or exceeds $200, the crime is grand larceny. See Code § 18.2-95.

-

Statutory burglary requires proof that appellant broke and entered the dwelling house of McFadden and Stone with the intent to commit larceny therein. See Code §§ 18.2-90, -91. "The Commonwealth can establish a prima facie case that appellant broke and entered by (1) proving that goods were stolen from a house which was broken into; (2) justifying the inference that both offenses were committed at the same time, by the same person, as part of the same criminal enterprise; and (3) proving that the goods were found soon thereafter in the possession of the accused." Bright, 4 Va. App. at 251, 356 S.E.2d at 444.

The evidence, both direct and circumstantial, is sufficient to support appellant's convictions. As to the larceny conviction, ample evidence establishes that the boom box and TV were stolen and that appellant was the criminal agent. The victims left their home locked and gave no one permission to enter it. When they returned home, they found a window open, a screen missing, and the rear door unlocked. Their boom box and television set, which had a combined value of at least $450, were missing. One of the victims testified that appellant wrote "I'm sorry for taking . . . the boom box and the TV." The other victim testified that appellant's letter apologized for "breaking in[to] [their] house." Although the court questioned precisely what was in the letter appellant wrote to the victims, it concluded the letter existed. Either version of the letter implicated appellant and showed her knowledge of the crimes.

-

Further, appellant told Deputy Farris "that she was going to return" the items, and in fact she did so through her stepmother, demonstrating both her knowledge of the crimes and her possession of the property. The trial court was entitled to reject appellant's statement to Deputy Farris that she did not take the items.

Appellant also had the means and opportunity to commit the larceny. See Lew v. Commonwealth, 20 Va. App. 353, 358, 457 S.E.2d 392, 394-95 (1995). She resided next door to the victims' home and was present when the victims told her stepmother they would be out of town. Thus, the only hypothesis flowing from the evidence was that appellant exercised dominion and control over the property, even though such exercise may have been joint, and permitted application of the presumption that appellant, either alone or with an accomplice, stole the boom box and TV.

This same evidence also established appellant's guilt for statutory burglary. "The victim[s] testified that the stolen items were seen in the house shortly before it was left unoccupied and the breaking was discovered, and were found missing shortly thereafter, thus justifying the inference that the burglary and the larceny were committed at the same time as part of the same criminal enterprise." Bright, 4 Va. App. at 252, 356 S.E.2d at 445. The contents of the letter showed appellant's knowledge of the crimes. Further, appellant said

-

that she "was going to return" the boom box and TV and did so through her stepmother, showing that she was in recent possession of the fruits of the burglary.  See id.

> Under Virginia law, upon proof of a breaking and entering and a theft of goods, and if the evidence warrants an inference that the breaking and entering and the theft were committed at the same time by the same person and as part of the same transaction, "the exclusive possession of the stolen goods shortly thereafter, unexplained or falsely denied, has the same efficiency to give rise to an inference that the possessor is guilty of the breaking and entering as to an inference that he is guilty of larceny."

Cannady v. Commonwealth, 210 Va. 533, 535, 172 S.E.2d 780, 781 (1970) (quoting Sullivan v. Commonwealth, 210 Va. 201, 203, 169 S.E.2d 577, 579 (1969)).

For these reasons, we hold the trial court did not abuse its discretion in admitting testimony about the existence and contents of the letter.  We also hold the evidence was sufficient to establish that the victims' residence was burglarized and that appellant was the criminal agent, thereby supporting her convictions for grand larceny and statutory burglary.

Affirmed.

-