COURT OF APPEALS OF VIRGINIA

Present: Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


JOSEPHINE TURNER PILSON

                                     MEMORANDUM OPINION* BY
v.    Record No. 1051-99-3      JUDGE JEAN HARRISON CLEMENTS
                                        DECEMBER 5, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       James F. Ingram, Judge

            Mark T. Williams (Williams, Morrison, Light
            and Moreau, on brief), for appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Appellant Josephine Turner Pilson was convicted in a bench

trial of grand larceny in violation of Code § 18.2-95.  On appeal

she contends the trial court erred in allowing, over her "best

evidence" rule objection, a store security officer to testify

regarding the value of stolen merchandise based on the officer's

prior examination of the price tags on each of the stolen items.

We disagree and affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, this opinion recites only those facts necessary to a disposition of this appeal.

Pilson argues that the best evidence rule bars the admission of the security officer's valuation testimony. Because the Commonwealth did not produce the price tags from the stolen items as proof of the stolen merchandise's value, the trial court should have excluded any secondary evidence regarding valuation, appellant maintains.

We find that appellant's argument is without merit in that it relies upon only a selective, fragmented reading of the best evidence rule. It fails to take into account the rule's full scope:

> In Virginia, the best evidence rule provides that "where the contents of a writing are desired to be proved, the writing [the primary evidence] itself must be produced <u>or its absence sufficiently accounted for</u> before other evidence of its contents can be admitted." Thus, if the purpose is to prove the truth of the contents of a writing, the primary evidence must be produced, <u>if available</u>. <u>It is only when sufficient evidence discloses that the primary evidence is not available that secondary evidence may be admitted for that purpose</u>. . . . Generally, the sufficiency of the evidence relating to unavailability of the writing is a preliminary question addressed to the sound discretion of the trial court.

<u>Bradshaw v. Commonwealth</u>, 16 Va. App. 374, 379, 429 S.E.2d 881, 884 (1993) (emphasis added) (alteration in original) (quoting

-

<u>Butts v. Commonwealth</u>, 145 Va. 800, 816, 133 S.E. 764, 769 (1926) (internal quotations omitted)) (other citations omitted).

In this case, the Commonwealth failed to produce the price tags of the stolen items at trial. However, Leslie Murphy, a security officer for the store, testified that, after the stolen items had been photographed (in accordance with Code § 19.2-270.1) and after she had examined the price tags affixed to the items, the merchandise was resold. Murphy then identified, over Pilson's objection, the price of each of the stolen items based on her inspection of the price tags affixed to the merchandise at the time of the theft. On cross-examination, she testified, based again on her examination of the price tags and on her visual check of the locations in the store where each of the stolen items had been displayed for sale, that none of the stolen merchandise was on sale when the theft occurred.

It can be reasonably inferred from Murphy's testimony that the same price tags that were affixed to the merchandise when it was stolen by appellant were still attached when the merchandise was returned to the sales floor of the store and resold. We find, therefore, based on our review of the record in this case, that the evidence supports a finding by the trial court that the Commonwealth sufficiently accounted for the unavailability of the price tags. Hence, we conclude that the trial court properly allowed, in accordance with the best evidence rule, the

-

admission of secondary evidence to prove the value of the stolen merchandise.

Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>