COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


RICHARD FREDERICK MOTT, S/K/A
 RICHARD FREDRICK MOTT
                                           MEMORANDUM OPINION[*] BY
v.        Record No. 0058-03-3        JUDGE RUDOLPH BUMGARDNER, III
                                              DECEMBER 16, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                      Henry A. Vanover, Judge

        C. Eric Young (C. Eric Young, P.C., on brief), for appellant.

        Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        A jury convicted Richard Frederick Mott of rape, Code § 18.2-61.  He maintains the trial

court denied him the right to cross-examine the victim regarding her sexual activity before or

after the offense.[1]  Finding no error, we affirm.

        The 12-year-old victim testified the defendant raped her while she visited her friend.  The

defendant was the boyfriend of the friend's mother.  The victim denied she had sexual

intercourse before the incident.  A doctor examined her when she reported the assault

approximately two months later.  The doctor determined her hymen was broken and diagnosed a

vaginal infection usually caused by sexual intercourse.  At trial, the doctor testified the victim

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The defendant also maintains he was denied the right to effective assistance of counsel. We will not consider an argument raised for the first time on appeal.  Rule 5A:18.

told him she was on her knees facing away from the defendant during the rape. That testimony conflicted with the victim's earlier testimony that she had been facing the defendant.

At the close of the Commonwealth's case-in-chief, the defendant made a motion to strike the evidence arguing the victim was not credible. While arguing the motion, the defendant "ask[ed] permission to cross examine her" on the inconsistency between her trial testimony and the statement she made to the doctor about the direction in which she faced. The defendant conditioned the request on whether the trial court relied upon the doctor's testimony to bolster the victim's credibility. The trial court denied the request and overruled the motion.

The defendant presented evidence, but did not call the victim as a witness. At the close of the defendant's case, he renewed his motion to strike. Two months after the verdict was returned, the defendant filed a motion to vacate and grant a new trial alleging he "was not permitted to cross examine witnesses against him regarding relevant, probative facts introduced by the Commonwealth." The trial court denied the motion and noted, "At no time . . . has any evidence been proffered as to any prior sexual activity by the complaining witness or any evidence that might be admissible on behalf of the defendant under the rape shield statute."

A motion to strike is "an attack upon the sufficiency of the evidence presented." Charles E. Friend, The Law of Evidence in Virginia § 1.4(C), at 12 (6th ed. 2003). See also Burks Pleading and Practice § 284 (4th ed. 1952). On a motion to strike, the trial court is limited to reviewing the sufficiency of the evidence. Cf. William Poole v. Commonwealth, 211 Va. 258, 260, 176 S.E.2d 821, 823 (1970) (admissibility of evidence may not be considered in motion to strike). A conditional request made during an argument on a motion to strike is not the proper place to move to recall a Commonwealth's witness and reopen cross-examination of that witness. Even if it were, the trial court did not err in denying the request in this instance.

"[A] party has an absolute right to cross-examine his opponent's witness on a matter relevant to the case, which the opponent has put in issue by direct examination of the witness." Friend, *supra* § 3.8, at 112. The defendant fully cross-examined the victim and the doctor after their direct examinations. He had a copy of the doctor's office notes when he did cross-examine them. While he contends he was denied the right to cross-examine, the defendant was denied, at most, the opportunity to recall the victim to address points not previously recognized or appreciated. After a witness has been subjected to cross-examination, the trial court has discretion to allow or disallow further questioning. Shanklin v. Commonwealth, 222 Va. 862, 864, 284 S.E.2d 611, 612 (1981). The trial court did not abuse its discretion by denying renewed cross-examination.

Though the court did not permit reopening the Commonwealth's case for further cross-examination of the victim, the defendant had the opportunity to call the victim as his own witness. He could have requested to examine her under the rules applicable to cross-examination. Code § 8.01-401; see Mastin v. Theirjung, 238 Va. 434, 440, 384 S.E.2d 86, 89 (1989) (permissible to recall witness as adverse witness during rebuttal). The defendant elected not to do so.

The defendant argues the inconsistency in the victim's and doctor's testimony raised a "strong inference" that the victim had engaged in another sexual encounter. He maintains such evidence would have provided an alternative explanation for the victim's injury. The defendant concedes the rape shield law, Code § 18.2-67.7, controlled introduction of any evidence that the victim had other sexual activity. As the trial court noted, the defendant failed to proffer any evidence of sexual acts in which the victim engaged. A proper proffer would be an avowal or stipulation of the "testimony expected." Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977).

The defendant maintains Neeley v. Commonwealth, 17 Va. App. 349, 358, 437 S.E.2d 721, 726 (1993), permitted him to offer evidence that provided an alternative explanation of the physical evidence reported by the doctor. Neeley held the rape shield law did not exclude evidence that rebutted the Commonwealth's assertion that the defendant was the source of a hair found in the victim's cervix. However, Neeley proffered testimony that could have provided an alternate explanation of the Commonwealth's evidence. In this case, the defendant made no proffer of the expected testimony that could have rebutted the Commonwealth's evidence of rape. Without a proper proffer, we do not address the argument. O'Dell v. Commonwealth, 234 Va. App. 672, 697, 364 S.E.2d 491, 505 (1988).

For the reasons stated, we affirm the conviction.

Affirmed.