COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Haley and Powell
Argued at Alexandria, Virginia


JOHN RICHARD CARDINAL

                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1576-08-4                     JUDGE CLEO E. POWELL
                                                    OCTOBER 27, 2009

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                             Leslie M. Alden, Judge

            Erin L. Hutnick, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Rosemary V. Bourne, Assistant Attorney General (William C.
            Mims, Attorney General, on brief), for appellee.


        John Richard Cardinal ("Cardinal") appeals his conviction for obtaining money under false

pretenses, in violation of Code § 18.2-178.  He contends that the trial court erred when it

admitted a draft copy of a promissory note into evidence as representative of the contents of the

signed promissory note.  For the following reasons, we affirm appellant's conviction.

                                    BACKGROUND

        In January of 2006, Cardinal approached Joseph Wesley Ady ("Ady") and asked to

borrow $33,500.  On January 30, 2006, Cardinal met with Ady and Ady's attorney, Demetris

Voudouris ("Voudouris").  As collateral for the loan, Cardinal provided Ady and Voudouris with

copies of two contracts Cardinal allegedly had with Gus Rincon ("Rincon") and Terrence

Wikberg ("Wikberg").  Cardinal's signature appeared on both contracts; however, the company

name on the contract was Old Dominion Building Company.  Cardinal's company was named

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Tanglewood Builders. Voudouris requested that Cardinal have the contracts assigned to Tanglewood Builders and provided Cardinal with the documents necessary to assign the contracts. Voudouris then drafted a promissory note for the loan between Ady and Cardinal.

On February 3, 2006, Cardinal met with Ady to sign the promissory note. Cardinal told Ady that he had gotten the contracts assigned to Tanglewood Builders. The parties then signed the promissory note, and Ady wrote Cardinal a check for $33,500. As part of the agreement, Cardinal would work for Ady for a certain number of hours each week.

Approximately five months later, Cardinal came to Ady's house to borrow an additional $5,000 to complete the two jobs Cardinal allegedly had with Rincon and Wikberg. While Cardinal was present, Ady retrieved some money from his desk drawer, counted out the requested amount, and put the rest of the money back into the drawer.

Four days later, Ady came home and discovered that the money he kept in his desk drawer was missing. Even though there were no visible signs of forced entry, he believed that his house had been broken into and called the police. As he looked around to see if anything else had been taken, he found that the file where he kept the documents relating to the loan with Cardinal had been removed from his office. The folder was eventually located in Ady's living room, and the promissory note and other documents had been ripped out.

At trial, Cardinal made a motion *in limine* seeking to prevent the Commonwealth from entering an unsigned, draft copy of the promissory note into evidence. Cardinal argued that a copy of the promissory note was faxed to Voudouris immediately after it was signed and that, therefore, only that copy should be entered into evidence. The trial court denied Cardinal's motion.

At trial, Ady testified that he never faxed a copy of the promissory note to Voudouris. Voudouris testified that he does not recall receiving a fax of the signed promissory note. When

pressed on the issue, Voudouris specifically stated that "there's no real reason why [Ady] necessarily would [have faxed the signed promissory note]." Cardinal, on the other hand, testified that he saw Ady fax the promissory note to Voudouris.

A jury subsequently found Cardinal guilty of obtaining money under false pretenses. Cardinal appeals.

## ANALYSIS

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E. 2d 838, 842 (1988). The burden of proving that the trial court erred is on the party objecting to the admission of the evidence. Dunn v. Commonwealth, 20 Va. App. 217, 220, 456 S.E. 2d 135, 136 (1995).

Cardinal's initial argument is that the trial court improperly admitted the draft promissory note as illustrative evidence. However, at oral argument, Cardinal conceded that the draft promissory note was admitted as real evidence. Accordingly, we need not consider this argument, as Cardinal's concession has rendered it moot.

Cardinal next argues that the trial court abused its discretion by admitting the copy of the draft promissory note under the best evidence rule. Cardinal contends that, under the best evidence rule, the Commonwealth is required to prove that it performed a diligent search for the original promissory note before the draft promissory note could be admitted into evidence.

> In Virginia, the best evidence rule provides that where the contents of a writing are desired to be proved, the writing [the primary evidence] itself must be produced or its absence sufficiently accounted for before other evidence of its contents can be admitted. Thus, if the purpose is to prove the truth of the contents of a writing, the primary evidence must be produced, if available. It is only when sufficient evidence discloses that the primary evidence is not available that secondary evidence may be admitted for that purpose. When secondary evidence is admitted in such cases, it is introduced to prove the facts contained in the writing.

Bradshaw v. Commonwealth, 16 Va. App. 374, 379-380, 429 S.E.2d 881, 884-85 (1993) (citations omitted).

> If the basis upon which the secondary evidence is sought to be introduced is that the instrument is lost . . . there must be proof that a diligent search has been made in the place where it is most likely to be found and that the search has been unsuccessful.

Marshall v. Commonwealth, 140 Va. 541, 549-550, 125 S.E. 329, 332 (1924).

Cardinal, however, never made this argument during his motion *in limine*. Rather, Cardinal merely argued that "because [the draft promissory note] is incomplete, that is to say that it does not contain all of the provisions of the agreement between the parties . . . it should not be admissible."

"Rule 5A:18 requires both the objection and the 'grounds therefor' to be made 'at the time of the ruling.'" Roadcap v. Commonwealth, 50 Va. App. 732, 740 n. 1, 653 S.E.2d 620, 624 n. 1 (2007). The alleged lack of a diligent search was not mentioned during Cardinal's motion *in limine*. Rather, Cardinal first raised this argument in his motion to set aside the verdict. "A litigant . . . cannot wait until after trial to present foundation evidence pertinent to a trial court's decision during trial to allow or exclude testimony." Id. Accordingly, under Rule 5A:18, we are barred from considering this argument for the first time on appeal.

## CONCLUSION

As Rule 5A:18 bars our consideration of this question on appeal, the judgment of the trial court is affirmed.

Affirmed.