COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Clements and Haley


CYNTHIA S. NELSON

                                                            MEMORANDUM OPINION[*]
v.      Record No. 0603-05-2                                      PER CURIAM
                                                             AUGUST 16, 2005
CRAIG E. NELSON


                    FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                                    T. J. Hauler, Judge

            (Bradley D. Wein, on brief), for appellant.

            (Peter J. Goergen; Lawrence E. Luck; Meyer, Goergen & Marrs,
            P.C., on brief), for appellee.


        Cynthia S. Nelson (wife) appeals from the final decree of divorce dated February 11,

2005, granting Craig E. Nelson (husband) a divorce and affirming, ratifying, and incorporating

by reference, but not merging, the parties' separation and property settlement agreement (the

agreement).  On appeal, wife contends the trial court erred in concluding the agreement was

valid and was not the result of duress.  Husband seeks attorney's fees and costs associated with

this appeal.  Upon reviewing the record and briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                        BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on February 5, 1972 and separated on April 29, 2002. In May 2003, husband filed a bill of complaint seeking a divorce on the ground that the parties had lived separate and apart for more than one year. Wife filed her answer seeking equitable distribution and spousal support. Both parties were represented by counsel.

Following extensive discovery, the parties reached an agreement with respect to most matters within the scope of the equitable distribution request. The parties memorialized their agreement in the October 15, 2004 property settlement agreement. On November 11, 2004, the parties reached an agreement on the remaining issues in the case. Wife's attorney prepared an addendum to the October agreement which was initially signed by wife on that date. Following a minor correction, the revised addendum was executed by wife on November 16, 2004.

Wife filed no motions objecting to the entry of the final decree, but on December 19, 2004, communicated with the court, *ex parte*, challenging the validity of the addendum. At the February 11, 2005 hearing on husband's motion for entry of the final decree, wife sought to substitute new counsel, which the court allowed, relieving her former counsel from the case. Wife's new counsel made a statement to the court in the nature of a proffer, alleging duress. Finding "that the property settlement agreement was entered with mutual assent and that the terms and conditions of the property settlement . . . agreement show that there is valuable consideration and support of its provisions," the court entered the final decree and affirmed and ratified the agreement.

ANALYSIS

I.

It is well established that "marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law." Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980). Such "agreements are contracts subject to the same rules of

- 2 -

formation, validity, and interpretation as other contracts." <u>Bergman v. Bergman</u>, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1997) (citing <u>Smith v. Smith</u>, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986)).

Wife concedes "[t]he only issue presented in this appeal is whether the separation and property settlement agreement and, in particular, the addendum to the agreement was entered into by Mrs. Nelson *as the result of duress and coercion applied by her attorney . . . .*" (Emphasis added.) Wife specifically does not allege any duress, coercion, or any wrongdoing whatsoever on the part of husband, the only other party to the contract.

Wife provides no support in Virginia law for the invalidation of a contract based on a claim of "duress or undue influence of a third party," and we know of none.

> "Duress may exist whether or not the threat is sufficient to overcome the mind of a man of ordinary courage, it being sufficient to constitute duress that *one party to the transaction* is prevented from exercising his free will by reason of *threats made by the other* and that the contract is obtained by reason of such fact. Unless these elements are present, however, duress does not exist. . . . Authorities are in accord that the threatened act must be wrongful to constitute duress."

<u>Norfolk Div. of Soc. Servs. v. Unknown Father</u>, 2 Va. App. 420, 435, 345 S.E.2d 533, 541 (1986) (citation omitted) (emphasis added). Indeed, "[t]he general rule is that 'duress must have been exercised upon him or her who sets it up as a defense, by him who claims the benefit of the contract, or by someone acting in his behalf or with his knowledge.'" <u>Id.</u> (citation omitted).

Furthermore, because "'[d]uress is not readily accepted as an excuse,' and must be proven by clear and convincing evidence," <u>Pelfrey v. Pelfrey</u>, 25 Va. App. 239, 246, 487 S.E.2d 281, 284 (1997), wife must meet a high evidentiary burden to prove her claim. She has not met this burden. Wife has failed to establish she had been subject to any threats. The record fully supports the trial court's ruling.

II.

Husband requests an award of appellate attorney's fees for this appeal. Wife has raised the issue of third party duress, which is not recognized under current Virginia law. However, we note that an appellant has a right, "after reasonable inquiry" to make "a good faith argument for the . . . reversal of existing law . . . ." Code § 8.01-271.1. However, appellant did not present any evidence to support her position before the trial court. The trial court never precluded appellant from testifying as to the duress allegedly imposed upon her by her attorney, yet appellant was never sworn as a witness. She simply gave a statement to the court after the court had entered the final decree. The statement, akin to a proffer, was never offered as stipulation, and the court did not receive the statement as evidence. See Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 82 (1977) ("[A] unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected constitutes a proper proffer, and that absent such acquiescence or stipulation, this Court will not consider the . . . testimony unless such testimony has been . . . made a part of the record in the manner prescribed by the Rules of Court."). Therefore, we find that husband is entitled to recover reasonable attorney's fees and costs incurred by him in defending this appeal. We remand this matter to the trial judge for a determination of those costs and fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Accordingly, the judgment of the trial judge is summarily affirmed, and the matter is remanded to the trial judge for a determination of husband's costs and fees incurred on appeal.

Affirmed and remanded.