COURT OF APPEALS OF VIRGINIA


Present:  Judges Humphreys, McClanahan and Petty
Argued by teleconference


JOHN MARK EALY

                                                                    MEMORANDUM OPINION* BY
v.       Record No. 2694-04-3                         JUDGE WILLIAM G. PETTY
                                                                         DECEMBER 28, 2006

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                                  Henry A. Vanover, Judge

            Donald A. McGlothlin, Jr.[1] (The McGlothlin Firm, on brief), for
            appellant.

            Leah A. Darron, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        A jury convicted John Mark Ealy of raping a child under the age of thirteen years, in

violation of Code § 18.2-61, and of taking indecent liberties with a child under the age of fourteen

years, with whom he had a custodial or supervisory relationship, in violation of Code

§ 18.2-370.1(A)(vi).  Ealy appeals, alleging the trial court "erred in refusing to allow [him] to

question witnesses concerning the complaining witness's prior sexual molestation and possible

vaginal penetration and concerning a third person's opportunity to have committed the rape and [the

third person's] status as a sex offender."  For the reasons stated below, we affirm Ealy's

convictions.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] H. Shannon Cooke served as Ealy's trial counsel.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I.  BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, and grant to it all reasonable inferences fairly deducible from the evidence.  Ragland v. Commonwealth, 16 Va. App. 913, 915, 434 S.E.2d 675, 676-77 (1993).  The evidence establishes that Ealy moved into his girlfriend's home in January 2003.  The victim, Ealy's girlfriend's eleven-year-old daughter, also lived in the home.  The victim testified that Ealy began sexually abusing her soon after he moved in with her mother.  Eventually, Ealy had sexual intercourse with the victim as well.  The victim reported the abuse in March 2003.

## II.  ANALYSIS

### A.  Alleged Prior Sexual Abuse

Ealy argues that the trial court erred when it refused to allow him to question the victim's mother concerning an allegation that the victim was molested when she was three years old.  We hold that Ealy's failure to proffer the rejected testimony bars him from making this argument on appeal.

When a trial court rules that evidence is inadmissible, the proponent of the evidence "'must proffer or avouch the evidence for the record in order to preserve the ruling for appeal; otherwise, the appellate court has no basis to decide whether the evidence was admissible.'" Lockhart v. Commonwealth, 34 Va. App. 329, 340, 542 S.E.2d 1, 6 (2001) (quoting Smith v. Hylton, 14 Va. App. 354, 357-58, 416 S.E.2d 712, 715 (1992)).  A party may make a proper proffer "'by avowal of counsel, but the better practice is to permit the witness to answer the question in the absence of the jury.'"  Whittaker v. Commonwealth, 217 Va. 966, 968, 234

S.E.2d 79, 81 (1977) (quoting Owens v. Commonwealth, 147 Va. 624, 630-31, 136 S.E. 765, 767 (1927)).

Furthermore, to create a record for appeal, the proponent must proffer the specific testimony he expects to present, "rather than merely his theory of the case." Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 690 (2006). "Without such a proffer, we cannot determine the admissibility of the proposed testimony and, if admissible, whether the court's exclusion of that evidence prejudiced" the appellant, resulting in reversible error on the part of the trial court. Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999).

Instead of proffering the proposed testimony, Ealy outlined his theory of the case. He called the victim's mother as a witness, and attempted to ask whether the victim had ever received any counseling stemming from a prior incident of sexual abuse. After the Commonwealth's objection and out of the jury's presence, Ealy explained:

> There was evidence yesterday from the physician that [the Commonwealth] called that [the victim] had been prior [sic] sexually molested, touched, whatever, a prior penetration. I would think that my questions about the possibility that [the victim] may have had problems like that in the past, any counseling like that in the past, may be relevant as an alternative explanation for the physical evidence the doctor testified to.[2]

Ealy admitted he had "no evidence to back up this line of questioning."[3]

Thus, Ealy did not tell the trial court what he expected the victim's mother to say. "We will not speculate what the answer might have been" to the questions Ealy desired to ask the

---

[2] Ealy also did not follow the procedure set forth in Code § 18.2-67.7(C) to determine whether this evidence was admissible.

[3] The Commonwealth challenged the accuracy of defense counsel's explanation, informing the trial court that there had never been any allegation of penetration when the victim was three years old. Thus, Ealy's explanation was not an unchallenged avowal of counsel that would constitute a correctly made proffer. Whittaker, 217 Va. at 969, 234 S.E.2d at 82.

witness. O'Dell v. Commonwealth, 234 Va. 672, 697, 364 S.E.2d 491, 505 (1988). Consequently, Ealy did not create a record from which we can address this issue, and we are foreclosed from doing so.

### B. Possible Third Party

Ealy also argues that the trial court erred when it refused to allow him to question the victim's mother about her nephew, the victim's cousin. The trial court has broad discretion over the admissibility of evidence, and we review the trial court's evidentiary determinations only for abuse of that discretion. Jones v. Commonwealth, 38 Va. App. 231, 236, 563 S.E.2d 364, 366 (2002) (citing Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)).

According to Ealy, the victim's cousin was a "convicted child sex offender." The Commonwealth explained that the cousin was convicted of carnal knowledge, "a consensual act." In response, Ealy stated that he expected the witness to answer "that at one time, maybe on numerous occasions, the victim here stayed all night overnight with" her cousin at her grandparents' home. Ealy argued, "that could be where she gets some of the information with respect to sexual" matters. The trial court summarized its understanding of Ealy's position: "[I]f I understood, . . . what [Ealy's trial counsel] was saying was there is no indication that he has any evidence of that. Just some theory that maybe it could have happened." Ealy responded, "That's correct, Judge." The trial court explained, "That's not good enough. If you are prepared to come forward with evidence to show that he was, in fact, the one as opposed to your client, that's different, but just going on a fishing expedition is speculation on what could have happened and we're not going that way." On brief, Ealy argues that, since the victim's initial statement was that she had consensual sex with an unnamed friend of Ealy's, evidence that she spent time with her cousin is relevant to show that other males in her acquaintance had the "opportunity and inclination to have sexual intercourse" with her.

- 4 -

We hold that the trial court did not abuse its discretion when it refused to allow Ealy to question the witness about her nephew since the proffered evidence was not legally admissible. "'In Virginia, evidence that a crime was actually committed by someone other than the accused is admissible for the purpose of generating a reasonable doubt as to the guilt of the accused.'" Weller v. Commonwealth, 16 Va. App. 886, 890, 434 S.E.2d 330, 333 (1993) (quoting Charles E. Friend, The Law of Evidence in Virginia § 150 (3d ed. 1988)). Thus, when "there is a trend of facts and circumstances tending clearly to point out some other person as the guilty party, the [defendant] may introduce any legal evidence which is available tending to prove that another person committed the crime with which he is charged." Id. That evidence must both "point directly to guilt of a third party," and "be relevant and material . . . ." Id.

The evidence Ealy proffered in his attempt to show that a third person could be responsible for this crime did not tend to prove his theory, and thus was not relevant. It is well settled that "[a]ny fact . . . that tends to establish the probability or improbability of a fact in issue is [relevant and] admissible." Wynn v. Commonwealth, 5 Va. App. 283, 291, 362 S.E.2d 193, 198 (1987). On these facts, however, Ealy's evidence regarding the victim's cousin was not relevant to the fact in issue: whether *Ealy* had raped and taken indecent liberties with the victim. The trial court invited Ealy to explain his theory and discuss any evidence that the victim's cousin was the actual perpetrator of the crime. When challenged by the trial court, Ealy conceded that he did not have any evidence to support this theory. We note that the victim stated that this crime occurred in her own home, while Ealy's proffer at best suggested that she spent time with her cousin at her grandmother's home. The mere fact that the victim's cousin or any other person may have abused the victim as part of a separate crime has no bearing on Ealy's guilt or innocence.

In the absence of credible evidence that another person was the perpetrator of this crime, any evidence suggesting that another person may have also had the opportunity to abuse the victim was irrelevant.  Thus the trial court did not abuse its discretion by refusing to allow Ealy's speculative and irrelevant evidence.

### III.  CONCLUSION

Accordingly, we affirm Ealy's convictions.

<u>Affirmed.</u>