COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


AARON AHMAD ATKINS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1372-07-1              JUDGE ROBERT J. HUMPHREYS
                                                         JULY 1, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
William C. Andrews, Judge

Charles E. Haden for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


Aaron Ahmad Atkins ("Atkins") appeals his conviction for distribution of cocaine, in

violation of Code § 18.2-248.  He argues that the trial court erred in refusing to permit him to

cross-examine his codefendant about his codefendant's discussions with his attorney.  For the

reasons that follow, we do not address his argument, as it is procedurally defaulted.

"It is well settled that when a party's evidence has been ruled inadmissible, the party

must proffer or avouch the evidence for the record in order to preserve the ruling for appeal;

otherwise, the appellate court has no basis to decide whether the evidence was admissible."

Smith v. Hylton, 14 Va. App. 354, 357-58, 416 S.E.2d 712, 715 (1992) (citing Whittaker v.

Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977)).

In this case, the following colloquy took place between Atkins' counsel, Ernest Edwards,

the prosecutor, and the trial court:

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[DEFENSE COUNSEL]:  Now I take it-or was it true or not, Mr. Edwards, that your attorney told you what the penalty range was for distribution of cocaine?

[PROSECUTOR]:  Your Honor, I'm going to object. I think this is irrelevant and improper in this context.

[DEFENSE COUNSEL]:  If it please the court, the response on this is that this individual has made statements that make allegations about my client, Mr. Atkins. I think it's very important to see the size of what he gained from the memorandum of plea agreement, which the Commonwealth has introduced as Commonwealth's Exhibit Number 6.

THE COURT:  I'm going to sustain the objection. If you want me to put the reason on the record, we'll take the jurors out.

[DEFENSE COUNSEL]:  No, that's okay. I'd rather not break up the cross-examination.

Atkins did not proffer or avouch for the record what Edwards would have said had he been allowed to answer the question. Furthermore, the trial court specifically asked Atkins' counsel if he would like the trial court to excuse the jury in order to state more fully on the record the reason for sustaining the objection. This would also have provided an opportunity for Atkins to proffer the expected testimony he was seeking outside the presence of the jury. Instead, counsel for Atkins responded, "No, that's okay. I'd rather not break up the cross-examination." Therefore, per Atkins' own request, the record is devoid of the reason beyond the grounds stated by the prosecutor for why the trial court sustained the Commonwealth's objection. Atkins' argument is therefore procedurally defaulted for this reason as well. See Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 42-43, 645 S.E.2d 261, 270 (2007) ("In the specific context of the appellate review of a claim of abuse of

discretion, the appellant must provide a record" upon which an appellate court makes its decisions.).

Accordingly, we do not address the merits of Atkins' argument, and we affirm his conviction.

<u>Affirmed.</u>