UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Huff, AtLee and Malveaux
Argued at Fredericksburg, Virginia

BERRY MORROW

v.      Record No. 1933-18-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE MARY BENNETT MALVEAUX
DECEMBER 27, 2019

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

Rachael Gray (Dennis, Stewart & Krischer, PLLC, on briefs), for
appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Berry Morrow ("appellant") was convicted of possession of marijuana, in violation of Code

§ 18.2-250.1.  On appeal, he argues that the trial court erred when it allowed testimony regarding

the results of a marijuana field test because the Commonwealth failed to establish that law

enforcement provided him with written notice of his right to request a full chemical analysis.  For

the following reasons, we affirm.

I.  BACKGROUND

The Offense

On July 17, 2018, Corporal Aaron Tingle of the Arlington County Police Department

received a call about a man making "lewd comments" to women near the Crystal City Metro

station.  Corporal Tingle responded to that location, where an individual told him that appellant

was the man in question and that he had "caused [a] shuttle bus to be evacuated."  Corporal

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Tingle approached appellant, explained the nature of the call he had received, and stated that appellant had been identified as being involved with an incident on the bus. He asked appellant for identification, but appellant stated that he did not have any I.D. and refused to provide his date of birth. After this conversation, Corporal Tingle placed appellant in handcuffs and searched his shoulder bag, where he found appellant's D.C. identification card. Throughout this interaction, appellant shouted sexual terms when women walked by.

Corporal Shawn Blow arrived to assist, and both officers decided to arrest appellant. As they attempted to arrest him, appellant fell to the ground and continued to yell profanities. The officers tried to walk appellant to a police cruiser, but he was uncooperative and would not use his legs to support himself. The officers lifted appellant and assisted him in walking, at which point appellant tried to get out of their grip and kicked up at them. They were eventually able to get appellant into a police cruiser and transported to jail. Prior to placing appellant in the vehicle, Corporal Blow searched appellant and found a circular pipe in his possession. The pipe contained a substance that field-tested positive for marijuana.

While he was being searched, appellant told Corporal Blow, "Get your finger out of my ass . . . it's got weed in it . . . marijuana." He said that he would be smoking within five minutes of leaving the police station, that he "love[d] marijuana," and that he would "fire it up" before court.

<u>The Commonwealth's Evidence at Trial</u>

Corporal Blow testified at trial that the pipe he found on appellant "smelled of marijuana" and had "a burnt substance inside." At that point, counsel for appellant requested a sidebar conference and told the court that she "want[ed] to get on the record" that she was "going to object to the field test being introduced into evidence," for two reasons. First, counsel asserted that she had filed a request for a certificate of analysis and a motion for an independent lab test,

but the Commonwealth had not obtained a certificate of analysis. Second, counsel argued that while Code § 19.2-188.1(B) allows for field tests to be admissible when an accused has been given written notice of his right to request a full chemical analysis, there was no indication from the evidence at trial that appellant had been provided with this notice. Counsel stated at the sidebar that "[f]rom what I saw in the [police] video, you can see them at the very end, they were carrying [appellant], and . . . that documentation, the written notice of his right, nothing indicates that that had been given to him, and I don't think that it was. I've never received that."[1] In response, the Commonwealth's attorney told the court, "This was field tested at booking because of [appellant's] behavior on scene, so the sheet of paper was given to him with his property, at that point. And I think that's sufficient to introduce the test." Both parties then presented argument regarding the Commonwealth's failure to obtain a certificate of analysis. After this discussion, the court asked if the parties had any further comment. The record reflects that "simultaneous speaking" occurred, but no actual comments were transcribed in the record. The court denied the motion.

Corporal Blow then testified that when appellant was searched, he had a lanyard around his neck that contained a packet. The packet itself contained a "brown leafy substance that smelled to be marijuana." The front of the packet said, "medical cannabis, banana." Blow stated that he field-tested the substance in the packet using a test approved by the Virginia Department of Forensic Science. The substance tested positive for THC, which Blow testified was "the main ingredient in marijuana."

---

[1] At trial, the Commonwealth played for the jury a body-camera video depicting the incident.

The jury found appellant guilty of possession of marijuana.[2] Appellant appealed to this Court.

## II. ANALYSIS

On appeal, appellant argues that the trial court erred in allowing testimony concerning the results of the marijuana field test because the Commonwealth failed to establish that law enforcement provided appellant with written notice of his right to request a full chemical analysis.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Jones v. Commonwealth, 38 Va. App. 231, 236 (2002) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16 (1988)). "However, to the extent the trial court makes an error of law in the admission of evidence, 'an abuse of discretion occurs.'" Abney v. Commonwealth, 51 Va. App. 337, 345 (2008) (quoting Bass v. Commonwealth, 31 Va. App. 373, 382 (2000)). Therefore, "evidentiary issues presenting a 'question of law' are 'reviewed *de novo* by this Court.'" Id. (quoting Michels v. Commonwealth, 47 Va. App. 461, 465 (2006)).

Code § 19.2-188.1(B) provides, in pertinent part, that

> [i]n any trial for a violation of [Code] § 18.2-250.1, any law-enforcement officer shall be permitted to testify as to the results of any marijuana field test approved as accurate and reliable by the Department of Forensic Science pursuant to regulations adopted in accordance with the Administrative Process Act ([Code] § 2.2-4000 et seq.), regarding whether or not any plant material, the identity of which is at issue, is marijuana provided the defendant has been given written notice of his right to request a full chemical analysis. Such notice shall be on a form approved by the Supreme Court and shall be provided to the defendant prior to trial.

---

[2] Appellant was also indicted for assault and battery of a law enforcement officer, in violation of Code § 18.2-57(C). The jury was unable to reach a unanimous verdict, however, and the trial court declared a mistrial on that charge.

Appellant argues that this code section is unambiguous and plainly requires that the Commonwealth provide an accused with the written notice approved by the Supreme Court before trial in order for the results of the field test to be admissible.  In this case, he asserts, the Commonwealth presented no evidence to the trial court that such notice was provided.  Therefore, the trial court erred in admitting testimony regarding the results of the field test.

We agree with appellant's contention that, pursuant to Code § 19.2-188.1(B), a trial court may admit testimony as to the results of a marijuana field test only if the court determines that the accused had been given written notice of his right to request a full chemical analysis prior to trial.  However, the Commonwealth contends that the trial court correctly determined that such notice was provided in this case—the Commonwealth's attorney made a proffer to the trial court that the marijuana was not tested until booking due to appellant's behavior at the scene and that appellant was given the written notice when his property was returned to him after booking.  This proffer, the Commonwealth argues, was not challenged by appellant; therefore, the trial court was entitled to consider the proffer as true.

"Proffered evidence" is defined as "[e]vidence that is offered to the court to obtain a ruling on its admissibility" and "[e]vidence whose admissibility depends on the existence or nonexistence of a preliminary fact."  Proffered Evidence, Black's Law Dictionary (11th ed. 2019).  "'[M]any trial issues are resolved with proffered evidence, . . . [and] counsel and the trial court must ensure [that such] proffers contain all of the information necessary'" to accomplish two goals:  "to allow the trial court a fair opportunity 'to resolve the issue at trial' and 'to provide a sufficient record for . . . review [on appeal].'"  Creamer v. Commonwealth, 64 Va. App. 185, 195 (2015) (alterations in original) (quoting Albert v. Albert, 38 Va. App. 284, 290 n.1 (2002)).  A proper proffer may consist of "a unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected."  Whittaker v. Commonwealth, 217 Va. 966, 969 (1977).

A trial court is "entitled to consider" an unchallenged unilateral avowal of counsel "as true." Wright v. Commonwealth, 52 Va. App. 690, 697 (2008) (*en banc*).

Based upon a review of the record as a whole, we conclude that the Commonwealth did provide an unchallenged proffer that written notice was provided to appellant, and thus the trial court did not err in relying upon this proffer.

In reaching this conclusion, we find a decision of our Supreme Court, Bloom v. Commonwealth, 262 Va. 814 (2001), instructive. In Bloom, defendant filed a motion *in limine* seeking to prohibit the Commonwealth from introducing at trial all statements from an internet account purportedly made by defendant, asserting that these statements "should not be admitted into evidence because there is no reliable evidence to suggest that [he] actually made the statements." Id. at 819. The Commonwealth made several representations to the trial court during the hearing on the motion *in limine*, including that several of the personal details of the internet persona matched those of defendant. Id. at 819-20. Based upon the Commonwealth's representations, which were unchallenged by defendant, the trial court found that defendant had been sufficiently identified as the person who made the statements via the internet account and denied the motion *in limine*. Id. at 820. On appeal, defendant argued in part that the statements were inadmissible because there was no evidence adduced at trial proving that his personal details matched those associated with the internet persona. Id. Our Supreme Court disagreed, holding that

> [i]n the present case, the trial court, in ruling on [defendant's]
> motion in limine, relied upon facts submitted by the
> Commonwealth in its response to the motion and determined that
> [defendant] had been sufficiently identified as the person who had
> made certain out-of-court statements. The facts so submitted by
> the Commonwealth constituted an avowal of counsel of the
> testimony that would be relied upon at trial. This avowal of
> counsel was not challenged by [defendant] when the motion in
> limine was argued or at trial. Therefore, the trial court was entitled
> to rely on the unchallenged pretrial proffer in deciding the

evidentiary issue, and the Commonwealth was not required to prove these facts at trial to establish the admissibility of the statements.

Id. at 821-22.

As applied to this case, Bloom makes clear that the trial court was entitled to rely on the Commonwealth's proffer "in deciding the evidentiary issue"—whether the officer's testimony regarding the field test was admissible pursuant to Code § 19.2-188.1(B). Id. at 822.

Here, appellant objected to Corporal Blow's testimony regarding the results of the field test on the basis that there was no evidence that officers had provided appellant with written notice of his right to request a full chemical analysis prior to trial. In response, the Commonwealth's attorney proffered that appellant was provided with the written notice required by statute at booking, due to appellant's disruptive behavior during his initial encounter with police and subsequent arrest. This statement, made after appellant's counsel's assertion that she did not think that the notice was given to him, was not challenged by appellant. Counsel for appellant never objected to the proffer or claimed that any part of it was factually inaccurate. Counsel had the opportunity to challenge the proffer made by the Commonwealth and failed to do so. Therefore, we consider the statement a proper proffer because it was "a unilateral avowal of counsel" that was "unchallenged."[3] Whittaker, 217 Va. at 969. Consequently, we conclude

_____

[3] We note that appellant argues that the Commonwealth's proffer was in fact challenged at trial, for three reasons. First, appellant asserts that his counsel challenged the proffer when she stated that the video recording of the encounter did not show police giving appellant written notice of his right to request a full chemical analysis and also told the court that nothing else indicated that he had been given this notice. We reject this argument, finding the timing of these statements crucial to our analysis. Counsel for appellant made these statements *prior* to the Commonwealth's assertion that appellant was provided with the required notice at booking. Counsel for appellant did not challenge the Commonwealth's assertion *after* it was made, and thus we consider the assertion an unchallenged avowal of counsel.

Second, appellant contends that counsel for appellant's statement immediately after the Commonwealth's proffer, "No, I mean, under the statute, I would disagree with that," indicates a clear challenge to the proffer. However, it is clear from the context of the record that this statement was made in regard to the discussion of whether the Commonwealth needed to provide

that the trial court did not err in relying on the Commonwealth's proffer and in admitting the officer's testimony as to the results of the field test.

## III.  CONCLUSION

We hold that the trial court did not err in admitting the testimony regarding the marijuana field test results.  Therefore, we affirm the judgment of the trial court.

Affirmed.

---

a certificate of analysis for the alleged marijuana, not the argument regarding whether appellant was provided with the written notice.  This was further made clear by counsel for appellant's subsequent statement referencing Code § 19.2-187, which addresses the admission of certificates of analysis, rather than Code § 19.2-188.1.  Therefore, contrary to appellant's argument, this statement was not a challenge to the Commonwealth's proffer concerning the written notice.

Third, appellant notes that the record reflects "simultaneous speaking" not recorded by the court reporter immediately after the trial court asked the parties if they had further comment. Appellant argues that this indicates an objection to the Commonwealth's proffer.  In fact, it indicates nothing to us on appeal.  While it is not clear why the court reporter did not transcribe the actual wording of the "simultaneous speaking," appellant nevertheless bore the burden of presenting on appeal a record of the trial court proceedings sufficiently complete to allow us to determine whether the trial court erred in the manner he claims.  See Smith v. Commonwealth, 16 Va. App. 630, 635 (1993) ("[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed." (quoting Justis v. Young, 202 Va. 631, 632 (1961))).  We cannot infer an objection to the Commonwealth's proffer from the record's indication of ambiguous "simultaneous speaking" by the parties.  Thus, again, we conclude that this part of the record provides no support for appellant's argument that he challenged the Commonwealth's proffer.